**The court incorporates by reference in this paragraph and adopts as the findings and analysis of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



Dated: October 22 2014

John P. Gustafson
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 14-32333 |
| | ) | |
| Angeline Kelly, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | JUDGE JOHN P. GUSTAFSON |

### MEMORANDUM OF DECISION AND ORDER

This case came before the court for an evidentiary hearing on October 17, 2014 upon pro se Debtor Angeline Kelly's "Motion to Hold Creditor John T. Hayes in Contempt of Court for Wrongful Collection of a Debt; Request for Hearing and Imposition of Maximum Fine, Cost, and Other Just Relief" ("Motion") [Doc. # 11] and Creditor John T. Hayes' ("Creditor") Memorandum in Opposition [Doc. # 14]. Attorney for Creditor, Creditor, and pro se Debtor appeared at the hearing in person. After considering Debtor's Motion, the Creditor's Memorandum in Opposition, and the arguments of counsel for the Creditor and the pro se Debtor on her own behalf at the hearing held on the matter, for the following reasons, the court will grant the Debtor's Motion, to the extent that it moves for actual damages and other just relief.

In the case at hand, Debtor's Motion is captioned as one for contempt, but actually seeks damages under Section 362(k) for violation of the automatic stay. On June 3, 2014, Creditor, who

owns the premises in which Debtor resides, filed an action in Forcible Entry & Detainer in Toledo Municipal Court, due to Debtor's late rent payments. The hearing on the matter was scheduled for June 17, 2014, and at the request of the Debtor, was continued to June 25, 2014.

On June 24, 2014, Debtor filed a Chapter 7 bankruptcy petition in this court. [Creditor's Ex. A, Statement of Facts]. The Debtor testified that she informed the Creditor of her bankruptcy filing on June 25, 2014, before the hearing in Toledo Municipal Court on Creditor's Forcible Entry & Detainer action. A copy of the transcript of the Municipal Court hearing reflects that the Debtor stated on the record, with Mr. Hayes present, that she "did file bankruptcy." [Debtor's Ex. 1, Transcript, p. 4]. During the hearing, Creditor stated that in the course of that day's mediation, he told Debtor that "if [Debtor] would pay May and June [rent], we might be able to work this out." [*Id.* at p. 6]. At the end of the hearing, the Municipal Court ruled in favor of Creditor and granted him possession of the premises. [*Id.*]. As a result of Creditor obtaining a judgment for possession from the Municipal Court, while the automatic stay was in effect, Debtor filed the current Motion.

In Creditor's Memorandum in Opposition, he argues that to the extent his actions (at the June 25 hearing and the actions that followed as a result of the Municipal Court's findings) were in violation of the automatic stay, they were not "willful" as it applies to Bankruptcy Code Section 362(k)(1). [Doc. # 14].

In *In re Murphy*, No. 13-34348, 2014 WL 1089854 (Bankr. N.D. Ohio Mar. 19, 2014), the court faced a similar situation to the issue at hand. In that case, the defendants violated the automatic stay by repossessing the plaintiff's vehicle while the stay was in effect. The defendants argued that the violation was not willful, as they were unaware of the plaintiff's bankruptcy filing at the time. While the defendants had not received any formal notice, they had received oral notification by the plaintiff before the vehicle's repossession, and "oral notice of a filing [is] sufficient where it would cause a reasonably prudent person to make further inquiry." *Id., citing, In re Meis-Nachtrab*, 190 B.R. 302, 307 (Bankr.N.D. Ohio 1995).

The standard for "willfulness" as it pertains to 362(k)(1) has been discussed in several Ohio bankruptcy court decisions. Most courts cite to the language in *In re Daniels* regarding what must be shown for a violation to be "willful":

> A specific intent to violate the stay is not required, or even an awareness by the creditor that [its] conduct violates the stay. It is sufficient that the creditor knows of

2

the bankruptcy and engages in deliberate conduct that, it so happens, is a violation of the stay. Moreover, where there is actual notice of the bankruptcy it must be presumed that the violation was deliberate or intentional. Satisfying these requirements itself creates strict liability. There is nothing more to prove except damages.

*In re Daniels*, 206 B.R. 444, 445 (Bankr. E.D. Mich. 1997); *see also*, *In re Bilfield*, 494 B.R. 292, 301 (Bankr. N.D. Ohio 2013)(quoting *Daniels*). A willful violation can also be found based upon an act of omission. *In re Bilfield*, 494 B.R. at 301; *In re Banks*, 253 B.R. 25, 31 (Bankr. E.D. Mich. 2000). Thus, when a defendant has knowledge of the bankruptcy and deliberately acts in violation of the stay, a defendant's intent is irrelevant, and a court must award the plaintiff actual damages. *In re Hill,* 222 B.R. 119, 123 (Bankr. N.D. Ohio 1998).

Here, Creditor participated in the Municipal Court hearing to obtain a judgment for possession[1] after the Debtor filed her Chapter 7 Petition. While there is a limited exception to the automatic stay found in Section 362(b)(22), in cases where a judgment of possession is obtained before the filing of bankruptcy and the debtor fails to take the steps necessary to continue the stay, there is no exception allowing a judgment for possession to be entered in a state court while the automatic stay is in effect. *See*, §362(b)(22). Thus, the entry of the judgment of possession by the Toledo Municipal Court on June 25, 2014 was void *ab initio*. *See*, *In re Kallabat*, 482 B.R. 563, 574 (Bankr. E.D. Mich. 2012)[2].

On the day of the Municipal Court hearing, Creditor was given sufficient notice of Debtor's filing, and the actions taken after notice was given were willful violations of the automatic stay.

Sufficient evidence was presented as to Debtor's actual damages, including copy costs and bus fare, to award the Debtor Seventy-five Dollars ($75.00) in out of pocket expenses.

Further, the pursuit of the Forceable Entry & Detainer action, and the Debtor's appeal of that

---

[1]/ The term "judgment for possession" is used in 11 U.S.C. Section 362(b)(22).

[2]/ "As a general rule, the filing of a bankruptcy petition operates to stay, among other things, the continuation of a judicial proceeding against the debtor that was commenced before the petition. But the automatic stay protection does not apply in all cases.... The court in which the judicial proceeding in pending ... has jurisdiction to decide whether the proceeding is subject to the stay." *Dominic's Restaurant of Dayton, Inc. v. Mantia*, 683 F.3d 757, 760 (6th Cir.2012)(*citing in part NLRB v. Edward Cooper Painting, Inc.*, 804 F.2d 934, 939 (6th Cir.1986))(other citations omitted). "If the non-bankruptcy court's initial jurisdictional determination is erroneous, the parties run the risk that the entire action later will be declared void ab initio." *Chao v. Hospital Staffing Services, Inc.*, 270 F.3d 374, 384–85 (6th Cir.2001) (citations omitted)."

action, created a situation where the rent was not being paid post-petition. Accordingly, the court will award additional damages in the amount of post-petition rent from the date of filing through October 31, 2014, and allow those damages to be offset by the cancellation of the rent obligation for that period.

While the court found the Debtor's testimony regarding the toll this matter took on her health to be credible, including her assertion that she had difficulty in maintaining her blood pressure levels, damages cannot be awarded on this record. If "emotional distress" damages are permitted by Section 362(k), the evidence presented does not allow an award of damages on that basis. Courts have held that there must be corroborative evidence of such damages, which is usually offered in the form of medical evidence. *In re Bilfield*, 494 B.R. at 304; *In re McCool*, 446 B.R. 819, 824 (Bankr. N.D. Ohio 2010). No medical evidence was offered, and no testimony was offered regarding any treatment received, or its cost to the Debtor. Accordingly, no award of damages can be made on this basis because there is no evidence at to an amount. *In re Baer*, No. 11–8062, 2012 WL 2368698, *10, 2012 Bankr. LEXIS 2849, *27–28 (B.A.P. 6th Cir. June 22, 2012)

The court finds that punitive damages are not appropriate in this case.

A separate Order vacating the Municipal Court's judgment for possession (denominated as a "Writ of Restitution" on the Municipal Court docket) [Creditor's Ex. B, Municipal Court Certified Journal Report] will be entered to afford the Debtor the protection of the automatic stay provided by the federal bankruptcy laws.

For good cause shown, based on the foregoing reasons and authorities,

**IT IS ORDERED** that Plaintiff's Motion [Doc. # 11] is hereby **GRANTED** to the extent that it moves for costs and other just relief, and Plaintiff is hereby awarded economic damages of $75; and

**IT IS FURTHER ORDERED** that the amount of rent due to Creditor from Plaintiff, from the date of filing through October 31 is awarded as actual damages, and may be offset against rent due from the date of filing through October 31, 2014; and

**IT IS FURTHER ORDERED** that Debtor shall pay rent starting **November 1, 2014**; and

**IT IS FINALLY ORDERED** that the Municipal Court's action is void *ab initio* due to the fact that it violates the Debtor's automatic stay.

###

5