**The court incorporates by reference in this paragraph and adopts as the findings and analysis of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



Dated: November 7 2014

John P. Gustafson
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 14-32333 |
| | ) | |
| Angeline Kelly, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | JUDGE JOHN P. GUSTAFSON |

### SUPPLEMENTAL MEMORANDUM OF DECISION AND ORDER

This case came before the court for an evidentiary hearing on October 17, 2014 upon *pro se* Debtor Angeline Kelly's "Motion to Hold Creditor John T. Hayes in Contempt of Court for Wrongful Collection of a Debt; Request for Hearing and Imposition of Maximum Fine, Cost, and Other Just Relief" ("Motion") [Doc. # 11] and Creditor John T. Hayes' ("Creditor") Memorandum in Opposition [Doc. # 14]. Attorney for Creditor, Creditor, and *pro se* Debtor appeared at the hearing in person. After considering Debtor's Motion, the Creditor's Memorandum in Opposition, and the arguments of counsel for the Creditor and the *pro se* Debtor on her own behalf at the hearing held on the matter, for the following reasons, the court supplements it earlier granting of Debtor's Motion[1], and additionally specifically finds that the actions taken by the Toledo Municipal Court

---

[1] October 22, 2014, Memorandum of Decision and Order. [Doc. #24].

are void *ab initio*.

In the case at hand, Debtor's Motion was captioned as one for contempt, but actually sought damages under Section 362(k) for violation of the automatic stay. On June 3, 2014, Creditor, who owns the premises in which Debtor resides, filed an action in Forcible Entry & Detainer in Toledo Municipal Court, due to Debtor's late rent payments. The hearing on the matter was scheduled for June 17, 2014, and at the request of the Debtor, was continued to June 25, 2014.

On June 24, 2014, Debtor filed a Chapter 7 bankruptcy petition in this court. [Creditor's Ex. A[2], Statement of Facts]. The Debtor testified that she informed the Creditor of her bankruptcy filing on June 25, 2014, before the hearing in Toledo Municipal Court on Creditor's Forcible Entry & Detainer action. A copy of the transcript of the Municipal Court hearing reflects that the Debtor stated on the record, with Mr. Hayes present, that she "did file bankruptcy." [Debtor's Ex. 1, Transcript, p. 4]. During the hearing, Creditor stated that in the course of that day's mediation, he told Debtor that "if [Debtor] would pay May and June [rent], we might be able to work this out." [*Id.* at p. 6]. At the end of the hearing, the Municipal Court ruled in favor of Creditor and granted him possession of the premises. [*Id.*]. As a result, the Creditor obtained a judgment for possession from the Municipal Court while the automatic stay was in effect.

> Section 362(b)(22) provides that the automatic stay under Section 362(a), subject to the provisions of Section 362(*l*), does not apply to the continuation of eviction, unlawful detainer, or similar proceedings involving residential property in which the debtor resides as a tenant under a lease or rental agreement if the lessor has obtained a judgment for possession of such property against the debtor before the commencement of the bankruptcy case.

3 Collier on Bankruptcy ¶362.05[20] (16th ed. 2013).

Thus, Section 362 of the Bankruptcy Code governs the scope of the automatic stay, with Section 362(b)(22) applying a limitation on the application of the bankruptcy stay where there has been a "judgment for possession." Section 362(b)(22) states that the voluntary filing of a petition does not operate as a stay --

---

[1]/ Creditor's Exhibit A is the "Brief of Appellant Angeline Kelly." The brief was filed in Case No. CL-2014-01153, which is currently before the Ohio Sixth District Court of Appeals. The appeal discusses the Municipal Court's actions as they pertain to the Debtor's automatic stay.

> . . . of the continuation of any eviction [or] unlawful detainer action. . .by a lessor against a debtor involving residential property in which the debtor resides as a tenant under a lease or rental agreement and with respect to which the lessor has obtained before the date of the filing of the bankruptcy petition, a judgment for possession of such property against the debtor[.]

11 U.S.C. §362(b)(22).

In this matter, the Creditor took part in the Municipal Court hearing to obtain a judgment for possession one day after the Debtor filed her Chapter 7 petition. While Section 362(b)(22) provides a limited exception to the automatic stay, in cases where a judgment of possession is obtained before the filing of bankruptcy - and the debtor fails to take the steps necessary to continue the stay - there is no exception allowing a judgment for possession to be entered in a state court while the automatic stay is in effect. Thus, the entry of the judgment of possession by the Toledo Municipal Court on June 25, 2014 was void *ab initio*. *See*, *In re Kallabat*, 482 B.R. 563, 574 (Bankr. E.D. Mich. 2012).[3]

It is important to recognize that the exception to the automatic stay, Section 362(b)(22), has its own exceptions. First, Section 362(b)(22) does not apply unless a "judgment for possession" is obtained prior to the filing of the bankruptcy petition. Second, Section 362(*l*)[4] provides an "exception to the exception", allowing the automatic stay to continue (under some circumstances) even if a "judgment for possession" has been entered.

A debtor following the requirements of Section 362(*l*) can make the automatic stay applicable, even if there has been a judgment for possession, if a debtor certifies and serves upon the lessor a certification under penalty of perjury that: 1) that there is applicable nonbankruptcy law

---

[2]/ "As a general rule, the filing of a bankruptcy petition operates to stay, among other things, the continuation of a judicial proceeding against the debtor that was commenced before the petition. But the automatic stay protection does not apply in all cases.... The court in which the judicial proceeding in pending ... has jurisdiction to decide whether the proceeding is subject to the stay." *Dominic's Restaurant of Dayton, Inc. v. Mantia*, 683 F.3d 757, 760 (6th Cir.2012)(*citing in part NLRB v. Edward Cooper Painting, Inc.*, 804 F.2d 934, 939 (6th Cir.1986))(other citations omitted). "If the non-bankruptcy court's initial jurisdictional determination is erroneous, the parties run the risk that the entire action later will be declared void *ab initio*." *Chao v. Hospital Staffing Services, Inc.*, 270 F.3d 374, 384–85 (6th Cir.2001) (citations omitted)."

[4]/ The letter "L" is italicized, to distinguish it from the number "1".

that would allow the debtor to cure the monetary default[5] giving rise to the judgment for possession after it was entered; and (2) that the debtor has deposited with the clerk of court any rent that would become due during the 30 day period after filing.

> Thus, in order for a debtor to avoid the immediate application of §362(b)(22) and thereby stay eviction, the debtor must: (1) reside in a jurisdiction in which the debtor is able to "cure the entire monetary default that gave rise to the judgment for possession"; (2) certify that that circumstance is applicable to the debtor (i.e., that the judgment of possession was premised on a monetary, rather than a non-monetary, default); and (3) deposit with the clerk of the bankruptcy court "any rent that would become due during the 30–day period" after filing for bankruptcy.

*In re Plumeri*, 434 B.R. 315, 320 (S.D.N.Y. 2010).

To determine whether a debtor has attempted to comply with these provisions, and is thereby claiming the protection of the automatic stay under §362(*l*), despite the pre-petition entry of a judgment for possession, a court should look at the second page of the debtor's Petition. At the bottom of the second page is a section captioned: "Certification by a Debtor Who Resides as a Tenant of Residential Property" [hereinafter "Certification"]. There are several check boxes to be filled out, based upon the exact situation that a tenant-debtor faces at the time of the bankruptcy is filed. If a judgment for possession has been entered, and the Certification is not completed by the debtor, then the requirements of Section 362(*l*) have not been complied with, and Section 362(b)(22) provides an exception to the automatic stay. *See*, §362(*l*)(4)(A), *In re Harris*, 424 B.R. 44 (Bankr. E.D.N.Y. 2010); *In re Jackson*, 2013 WL 39556994, 2013 Bankr. LEXIS 3055 (Bankr. D. Colo. July 30, 2013).

It should be noted that compliance with the "Certification" procedure under §362(*l*) - and the proper tender of the rent monies - only delays the impact of § 362(b)(22) for a period of 30 days. Thereafter, a debtor must take additional steps if the stay is to be continued. "Assuming that a bankruptcy debtor has complied with §§362(*l*)(1) and (5) and gained the benefit of the 30–day stay,

---

[5]/ As one bankruptcy court has noted: "However, the applicability of §362( *l* ) in any particular jurisdiction is entirely dependent on applicable nonbankruptcy law. It is only applicable in those jurisdictions where a tenant has an opportunity to cure a monetary default after the landlord has obtained a judgment for possession of the rental property. No such provision appears in Colorado's statutes." *In re Jackson*, 2013 WL 39556994 at *6, 2013 Bankr. LEXIS 3055 at *15-16 (Bankr. D. Colo. July 30, 2013).

4

the BAPCPA provides a further process by which the debtor can postpone the applicability of §362(b)(22) indefinitely.  To extend the stay, the debtor must file with the court and serve upon the lessor a further sworn certification "that the debtor ... has cured, under nonbankrupcty [sic] law applicable in the jurisdiction, the entire monetary default that gave rise to the judgment under which possession is sought by the lessor."  *In re Plumeri*, 434 B.R. 315, 321 (S.D.N.Y. 2010).

However, there is one final "exception to the exception to the exception".  Section 362(*l*) only applies where the basis for the judgment for possession is a monetary default.  Where the state court's pre-petition judgment for possession is based upon a non-monetary default, Section 362(*l*) does not apply.  "The safe harbor exception of §362(*l*) is a limited exception to §362(b)(22) and is unavailable to a debtor where the reason for the pre-petition judgment is non-monetary."  *In re Paul*, 473 B.R. 474, 476 (Bankr. S.D. Ga. 2012); *see also*, *In re Griggsby*, 404 B.R. 83, 88 (Bankr. S.D.N.Y. 2009); *In re Harris*, 2011 WL 2038757 at *2, 2011 Bankr. LEXIS 1932 at *6 (Bankr.D.S.C. May 24, 2011)("Where the default that gave rise to the eviction is not a monetary default, the exception of §362(b)(22) to the imposition of the stay is immediate and §362(*l*) does not provide even a short term 30 day stay.").

In this case, the exception to the automatic provided by Section 362(b)(22) did not apply because there was no pre-petition "judgment for possession".  Accordingly the automatic stay prevented continuation of the action against Angeline Kelly in state court.  Because no exception to the automatic stay allowed for the entry of a judgment for possession after the filing of Angeline Kelly's Chapter 7 bankruptcy, the determination by the state court that the automatic stay did not apply was erroneous.  Therefore, for good cause shown, and based on the foregoing reasons and authorities, including the *Kallabat* decision and the authorities cited therein,

**IT IS ORDERED** that the Municipal Court's action is held to have been void *ab initio*, as it violated the automatic stay.

14-32333-jpg    Doc 28    FILED 11/07/14    ENTERED 11/07/14 15:44:25    Page 5 of 5